UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE MURRAY,

            Plaintiff,

v.                                      Civil Action No._____

COHEN & SLAMOWITZ, LLP

            Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, JACQUELINE MURRAY, by and through her attorneys, Brent & Shear, PC, and for her complaint against the Defendant, COHEN & SLAMOWITZ, LLP, Plaintiff states as follows:

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jacqueline Murray is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Cohen & Slamowitz, LLP is a limited liability partnership having its principal place of business located in Woodbury, New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Upon information and belief, Defendant was employed by a creditor, Discover, to collect on the subject debt.

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff was aware that Cohen & Slamowitz were hired to collect on Plaintiff's Discover debt. Plaintiff contacted Defendant and stated that she was planning on filing for Chapter 7 bankruptcy. Plaintiff stated that her attorney was Carol Brent. Plaintiff also stated that Ms. Brent was handling her bankruptcy and that the Discover debt would be included in the bankruptcy. Plaintiff also gave the Defendant attorney Brent's contact information and requested that Defendant contact Ms. Brent, and not the Plaintiff, concerning the Discover debt.

12. Plaintiff received a letter in the mail from Defendant informing Plaintiff that Discover had authorized the Defendant to commence a lawsuit against the Plaintiff. Plaintiff contacted Defendant and stated that she had previously called giving them her attorney's information. Plaintiff stated that she wanted her attorney to be contacted regarding the Discover debt and not her. Prior to and during the time the aforementioned notice was sent, Plaintiff was represented by counsel. Even though the Defendant had knowledge of said representation, they sent the letter threatening legal action anyway, which is in violation of 15 U.S.C. § 1692c(a)(2).

13. Even after being informed that Plaintiff was represented by counsel, an employee of Defendant told the Plaintiff that they can continue to call the Plaintiff until she files for bankruptcy.

14. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## V. CAUSE OF ACTION

15. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 above.

16. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692e by using false, deceptive and misleading means to collect or attempt to collect an alleged debt.

   B. Defendant violated 15 U.S.C. §1692c(a)(2) concerning the consumer by directly contacting Plaintiff even though Plaintiff was represented by an attorney and threatening to continue contacting Plaintiff with such knowledge.

   C. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means in an attempt to collect a debt.

   D. That as a result of the Defendant's FDCPA violations alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k.

(b) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 26, 2011

| | |
|---|---|
| /s/ Jason A. Shear | /s/  Carol A. Brent |
| Jason A. Shear, Esq. | Carol A. Brent, Esq. |
| Brent and Shear, P.C. | Brent & Shear, P.C. |
| 3957 Main Street, Second Floor | 3957 Main Street, Second Floor |
| Amherst, New York 14226 | Amherst, New York 14226 |
| Phone: (716) 831-1111 | Phone: (716) 831-1111 |
| Email: jshear@shearlawfirm.com | Email: cbrent@shearlawfirm.com |